IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **QUANTUM RESEARCH INTERNATIONAL, INC., and JOHN NIPP,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) ) | Civil Action No.: _____ |
| **CIRCADENCE CORPORATION,** | ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

Plaintiffs Quantum Research International, Inc. ("Quantum") and John Nipp ("Nipp") hereby bring this action for declaratory judgment against defendant Circadence Corporation ("Circadence") and allege as follows.

### The Parties

1. Quantum is an Alabama corporation with its principal place of business in Madison County, Alabama.

2. Circadence is a Delaware corporation with its principal place of business in Boulder County, Colorado.

3. Nipp is a citizen of Mississippi.

**Jurisdiction and Venue**

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiffs and Circadence, and the amount in controversy exceeds $75,000.00.  The Court has personal jurisdiction over Circadence because, among other things, Circadence purposefully availed itself of the laws and privileges of conducting business in the state of Alabama by: hiring and supporting employees in Alabama; performing work for the U.S. Army's Threat Systems Management Office at Redstone Arsenal ("TSMO") in Huntsville, Alabama; undertaking a six-year effort to support TSMO, both in Alabama and elsewhere; and conducting educational and promotional seminars and other work in the state of Alabama.  Venue is proper in this district because, among other things, Circadence is subject to personal jurisdiction in this district and the government customer at issue is located in Alabama.

**Factual Allegations**

5. Quantum is a defense contractor.  It provides services to the U.S. government under a number of prime and subcontracts.  Among other core competencies, Quantum provides cybersecurity solutions and related services to a number of government customers, including TSMO.

6. Circadence provides cybersecurity training and other services to government and commercial customers.  TSMO is its primary government customer.

7. Both Quantum and Circadence have employees supporting TSMO in Tupelo, Mississippi and Huntsville, Alabama.

2

8. Upon information and belief, Quantum has never, in its 33 years of existence, directly or indirectly competed with Circadence.

9. Nipp worked for Circadence at its Tupelo location for several years. In August of 2020, he left Circadence and joined Quantum.

10. On or about October 21, 2020, Nipp received a six-page letter (the "Circadence Letter") alleging, among other things, that: (a) Quantum is a "direct competitor" to Circadence; (b) in the course of his duties for Quantum, Nipp will inevitably use or disclose Circadence's proprietary information; and (c) Nipp has been interfering with Circadence's relationships with its employees (or otherwise) in violation of his June 28, 2012 Confidentiality and Inventions Agreement with Circadence (the "Agreement"). A true and correct copy of the Circadence Letter is attached hereto as Exhibit A.

11. Quantum and Nipp deny the allegations in the Circadence Letter.

12. Quantum has invested substantially in its Tueplo operations by hiring staff, acquiring office space and otherwise. Quantum does not solicit Circadence's staff. It will only discuss employment opportunities with Circadence employees who (a) contact Quantum in the first instance or (b) post their resumes on public job boards and indicate their interest in employment opportunities. Quantum has no intention of taking work from Circadence. In fact, it recently helped Circadence obtain a task order worth approximately $20 million and serves as its subcontractor for that effort.

13. Likewise, Nipp has no intention of breaching his obligations to Circadence and believes he has complied with all restrictions in the Agreement.

14. The Circadence Letter makes clear that a justiciable controversy exists as to Quantum's and Nipp's respective rights and obligations regarding Circadence. In particular, Circadence interprets Nipp's obligations under the Agreement more broadly than Nipp or Quantum. It seems to believe that Nipp's employment by Quantum is a breach of the Agreement, and so too is any employment offer Quantum makes to a Circadence employee. The Letter threatens suit if Nipp does not comply with Circadence's interpretation of the Agreement.

15. Quantum and Nipp face substantial harm without a prompt resolution of this controversy because Circadence has threatened Nipp's employment and Quantum's investment in Tupelo. The value of each is worth more than $75,000.00.

## Count One
## Declaratory Judgment

16. Plaintiffs adopt and incorporate by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

17. As described above, there exists a justiciable controversy as to Quantum's and Nipp's respective obligations to Circadence. Plaintiffs seek the Court's declaration to resolve that controversy.

18. Plaintiffs' hands are clean and they are prepared to do equity.

19. No party previously sought similar relief. All necessary parties are before the Court.

WHEREFORE, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiffs request a declaratory judgment resolving the subject controversy, and awarding them such other and further relief, at law or equity, to which they may be entitled.

### Jury Demand

Plaintiffs demand trial by jury on all issues so triable.

                Respectfully submitted,

/s/ W. Brad English
W. Brad English (ASB-5240-A43E)
Robert G. Jones (ASB-6657-B34J)
*Attorneys for plaintiffs Quantum Research International, Inc., and John Nipp*

This the 16th day of November, 2020.

**OF COUNSEL:**
**MAYNARD COOPER & GALE, P.C.**
655 Gallatin Street SW
Huntsville, Alabama 35801
Telephone: 256.551.0171
Facsimile: 256.512.0119
Email:  benglish@maynardcooper.com
        rjones@maynardcooper.com