# EXHIBIT A



Littler Mendelson, PC
1900 Sixteenth Street
Suite 800
Denver, CO  80202

Laurie J. Rust
303.362.2870 direct
303.629.6200 main
303.629.0200 fax
lrust@littler.com

October 21, 2020

**VIA FEDEX AND EMAIL (JNIPP@QUANTUM-INTL.COM)**

John C. Nipp
181 Old Payne Place
Saltillo, MS 38866

Re:   Compliance with Your Continuing Legal Obligations to Circadence Corporation

Dear Mr. Nipp:

Circadence Corporation ("Circadence") has retained this law firm to ensure your compliance with your agreement not to solicit Circadence's employees contained within your Confidentiality and Inventions Agreement dated November 28, 2012 (the "Non-Solicitation Agreement").  I have enclosed a copy of your Non-Solicitation Agreement to remind you of your continuing legal obligations to Circadence.

Circadence understands that, **despite your representations to Circadence that you intended to take time off after leaving Circadence**, you have joined Circadence's direct competitor Quantum Research International, Inc. ("QRI").  **Circadence further has reason to believe that you have solicited a substantial number of your prior team that reported to you at Circadence servicing the IDIQ contract to leave Circadence**.  In fact, two such departures occurred as recently as today.  You may not have informed QRI of your Non-Solicitation Agreement or of the fact that some of your team members, including Byron Hurt and Christopher Gurley, have enforceable non-competition agreements with Circadence that employment with QRI would violate.

**You must cease and desist immediately from any further violations of your Non-Solicitation Agreement, including any and all efforts to solicit or induce any Circadence employee to leave Circadence .**  Please confirm your understanding of your obligations to Circadence in writing by responding to this letter **no later 5:00 pm MST on October 28, 2020**, providing an affidavit or declaration signed under penalty of perjury with each of the statements and assurances requested in detail below.

**If you fail or refuse to do so, Circadence will have no choice but to pursue all available legal remedies in court in Colorado, including seeking a temporary restraining order, an injunction, monetary damages, and attorneys' fees consistent with Section 5 of your Non-Solicitation Agreement.**

John Nipp
October 21, 2020
Page 2


**Your Continuing Obligations to Circadence**

You remain legally bound by your Non-Solicitation Agreement.  In particular, Section 3 of your Non-Solicitation Agreement specifically provides that:

> During the term of Employee's employment with the Company **and for a period of two years thereafter**, and regardless of the reason for Employee's termination, **Employee shall not (i) directly or indirectly cause or attempt to cause any employee of the Company to leave the employ of the Company, (ii) in any way interfere with the relationship between the Company any employee**, agent, vendor or contractor **of the Company**, (iii) directly or indirectly hire any employee of the Company to work for any organization of which Employee is an officer, director, **employee**, consultant, independent contractor or owner of an equity [or] other financial interest, or (iv) **interfere or attempt to interfere with any transaction in which the Company was involved during the term of this Agreement or Employee's employment**.

To the extent you have initiated contact with any Circadence employee to solicit such person to terminate employment with Circadence, you have breached your legal obligations to Circadence and could be subject to damages, an injunction, or additional court orders against you.

Circadence will also seek to recover all attorneys' fees and costs incurred in enforcing its rights under your Non-Solicitation Agreement, from the fees incurred to prepare this letter through the final resolution of any court proceeding.  Section 5 of your Non-Solicitation Agreement establishes your agreement to "**defend, indemnify and hold Company . . . harmless from any and all liabilities, costs and expense (including reasonable attorney's fees for court or arbitration) related to or arising from: (a) any breach of this Agreement by Employee [and] (b) acts or omissions of Employee**."

**Validity of the Agreement**

Colorado courts[1] will not hesitate to enforce an employee non-solicitation agreement such as that in Section 3 of your Non-Solicitation Agreement.  *See, e.g., Phoenix Capital, Inc. v. Dowell*, 176 P.3d 835, 844 (Colo. App. 2007); *see also Atmel Corp. v. Vitesse Semiconductor Corp.*, 30 P.3d 789, 796 (Colo. App. 2001).  Solicitation or inducement of a former employer's employees violates a valid non-solicitation clause like that contained in your Non-Solicit Agreement.  *See, e.g., Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 495 (Colo. 1989); *Phoenix Capital*, 176 P.3d at 844.  The U.S. Supreme Court and the Colorado Supreme Court have both broadly defined "induce" to include "every form of influence and persuasion."  *See Int'l Bhd. of Elec. Workers, Local 501, A.F. of L. v. N.L.R.B.*, 341 U.S. 694, 701-02 (1951); *Urevich v. Woodard*, 667 P.2d 760, 763 (Colo. 1983).

---

[1] Section 14 of your Non-Solicitation Agreement provides for jurisdiction of Colorado state and federal courts over all judicial proceedings arising out of your Non-Solicitation Agreement.  Under Section 13, Colorado law also governs the disputes.  Regardless, the result is the same under Mississippi law.  *Bagwell v. H. B. Wellborn & Co.*, 156 So. 2d 739, 741 (Miss. 1963); *Brown & Brown of Mississippi, LLC v. Baker*, No. 1:16-cv-327-LG-RHW, 2018 WL 8805937, at \*4 (S.D. Miss. Apr. 10, 2018) (enforcing non-solicitation clause under Mississippi law); *Asbury MS Gray-Daniels, L.L.C. v. Daniels*, 812 F. Supp. 2d 771, 781 (S.D. Miss. 2011).

John Nipp
October 21, 2020
Page 3

In fact, numerous courts have awarded damages or entered injunctions against former employees like you in similar circumstances when their agreements prohibited them from "soliciting" or "inducing" employees to leave.  *See, e.g., Am. Family Mut. Ins. Co. v. Hollander*, No. C08-1039, 2009 WL 535990, at *17 (N.D. Iowa Mar. 3, 2009) (entering injunction against former employee and stating that "[o]ne can 'induce' action without regard to who initiates the contact"), *report and recommendation adopted,* No. C 08-1039, 2009 WL 1251925 (N.D. Iowa May 6, 2009); *Wachovia Ins. Servs., Inc. v. Hinds*, No. CIV WDQ-07-2114, 2007 WL 6624661, at *6 (D. Md. Aug. 30, 2007) (entering injunction against a former employee "[e]ven if [the former employee] did not initiate contact"); *Scarbrough v. Liberty Nat'l Life Ins. Co.*, 872 So. 2d 283, 285 (Fla. Dist. Ct. App. 2004) (same); *FCE Benefit Adm'rs, Inc. v. George Washington Univ.*, 209 F. Supp. 2d 232, 239 (D.D.C. 2002) (entering judgment after trial against a former employee who had "assumed an active role in [the] decision-making process").

If Circadence is forced to file suit in Colorado, Circadence will seek all available damages resulting from your breach of your Non-Solicitation Agreement, including without limitation all costs to hire and train new employees to replace those who were solicited and any lost profits incurred as a result of their departures.

**Your Other Obligations to Circadence**

Given Circadence's reasonable suspicions regarding your Non-Solicitation Agreement, Circadence also wishes to remind you of your other continuing obligations to Circadence.

Among other things, the fact that a substantial number of your prior team at Circadence servicing the IDIQ contract has either left Circadence or has provided notice of resignation causes Circadence to strongly suspect that you have tortiously interfered with Circadence's agreements with these employees and Circadence's existing or prospective business advantages.  *See, e.g., Preston v. Atmel Corp.*, 560 F. Supp. 2d 1035, 1039 (D. Colo. 2008); *see also Carman v. Heber*, 601 P.2d 646, 647 (Colo. App. 1979).  As just one example, such conduct would unlawfully interfere with any non-compete agreements.  *See, e.g., Westfield Dev. Co. v. Rifle Inv. Assocs.*, 786 P.2d 1112, 1117 (Colo. 1990).  Your conduct also interferes with the continued performance of the IDIQ contract, which permits Circadence to recover the "loss of advantages . . . which, but for such interference, [Circadence] would have been able to enjoy."  *Hein Enters., Ltd. v. San Francisco Real Estate Inv'rs*, 720 P.2d 975, 981 (Colo. App. 1985).  Please be advised that if Circadence is forced to pursue legal remedies, it will seek any economic damages under its government contracts or otherwise.

Furthermore, Section 1 of your Non-Solicit Agreement contains your agreement that you "shall not at any time or in any manner use, copy, disclose, divulge, transmit, convey, transfer or otherwise communicate any Confidential Information to any person or entity, either directly or indirectly, without the Company's prior written consent." "Confidential Information" is defined to include, among other things, "information concerning the manner and details of the Company's operation, organization and management."  If you have used any non-public information of Circadence's to recruit or solicit any Circadence employee to leave Circadence, you have also breached your obligations under Section 1 of your Non-Solicitation Agreement.  Please be aware that Section 8 of your Non-Solicit Agreement provides that each material breach of the confidentiality clause entitles Circadence to liquidated damages "**in the amount of $10,000 for each material breach of this agreement**."  If Circadence must proceed to litigation, it will seek

John Nipp
October 21, 2020
Page 4

liquidated damages of $10,000.00 for each use of Circadence's Confidential Information with respect to each employee who has left, which Circadence reasonably believes exceeds **$40,000.00** to date.

Circadence is also deeply concerned that your new employment with its direct competitor, QRI, in a materially identical role to that which you held for Circadence, will inevitably cause you to rely on Circadence's confidential, proprietary, or trade secret information to divert employees or business from Circadence to your new employer.  The Colorado Uniform Trade Secrets Act and the federal Defend Trade Secrets Act both prohibit "actual **or threatened**" misappropriation of CW's trade secrets.  *See* § 7-74-103, C.R.S. (emphasis added); 18 U.S.C. § 1836(b)(3)(A)(i).  The information designated as "Confidential Information" in Section 1 of your Non-Solicit Agreement also qualifies as trade secret information of Circadence's.  *See* § 7-74-102(4), C.R.S. (defining "trade secrets" to include "the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value"); *see also* 18 U.S.C. § 1839(3).

Finally, Circadence also wishes to remind you of your agreement in Section 7 of your Non-Solicitation Agreement "not to make any disparaging, negative, adverse or otherwise detrimental remarks concerning the employees, officers, director, shareholders, business, operations, technologies, products, services, marketing strategies, pricing policies, management, affairs and financial condition of the Company."  If Circadence learns that you have made any such remarks, it will also seek all damages flowing from the effects of such comments.  *See, e.g., Teilhaber Mfg. Co. v. Unarco Materials Storage, a Div. of Unarco Indus., Inc.*, 791 P.2d 1164, 1168 (Colo. App. 1989).

As a result, if Circadence learns that you have breached any of these additional obligations, it will seek additional damages or court orders enjoining such conduct, including those available under the Colorado Uniform Trade Secrets Act and the federal Defend Trade Secrets Act.  § 7-74-103, C.R.S. ("Temporary and final injunctions including affirmative acts may be granted on such equitable terms as the court deems reasonable to prevent or restrain actual or threatened misappropriation of a trade secret."); *accord* 18 U.S.C. § 1839(b)(3)(A)(1); *see also* § 7-74-104, C.R.S. ("Damages may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret."); *accord* 18 U.S.C. § 1839(b)(3)(B).

**Preservation Obligations**

Due to the possibility of a legal dispute between you and Circadence, you have an immediate obligation to take all steps to preserve all evidence related to the dispute.  This includes electronic evidence such as text messages, emails, instant messages, and social media content, in addition to hard copy documents and materials.  Be advised that you may not destroy any documents, or delete any electronic information from any online accounts or electronic devices (including company and personal computers, cell phones, tablets, flash drives, and the like) related to your work with QRI, your prior work with Circadence, Circadence's business, or your communications with any of Circadence's current or former employees, customers, or vendors.  You must also contact any cellular telephone or email providers and request that they preserve

John Nipp
October 21, 2020
Page 5


any electronic data that is on their servers.  If you do not do so, you may be subject to severe sanctions for knowingly causing or permitting the spoliation of evidence.  The sanctions may include a monetary penalty, attorneys' fees, or orders resolving some or all parts of any dispute between you and Circadence in Circadence's favor.

**Circadence's Demand for Compliance to Avoid Possible Legal Action**

I urge you to take these obligations seriously, as non-compliance may subject you to legal action.  If you retain counsel, please inform me immediately so that further legal communications may be directed to your counsel.

To assure Circadence of your compliance with your continuing legal obligations to Circadence and to avoid possible legal action against you, please provide an affidavit or declaration signed under penalty of perjury containing the following information **on or before 5:00 pm MST on October 28, 2020**:

(1)   a detailed account of your affiliation with QRI, including without limitation your involvement in recruiting, hiring, or interviewing any candidates on behalf of QRI;

(2)   a list of all of Circadence's employees with whom you have discussed QRI or your affiliation with QRI to date;

(3)   an assurance that you have not, and will not, cause or attempt to cause any of Circadence's employees to leave Circadence's employ;

(4)   an assurance that you have not, and will not, interfere with Circadence's relationship with any Circadence employee;

(5)   an assurance that you have not, and will not, directly or indirectly hire any employee of Circadence to work for QRI;

(6)   an assurance that you have not, and will not, interfere or attempt to interfere with any transaction in which Circadence is involved during the term of you Non-Solicitation Agreement, including without limitation any U.S. government contract to which Circadence is a party;

(7)   an assurance that you have not, and will not, make any disparaging, negative, adverse, or otherwise detrimental remarks about Circadence's employees, officers, director, shareholders, business, operations, technologies, products, services, marketing strategies, pricing policies, management, affairs, or financial condition of the Company

(8)   an assurance that you have not retained any documents, tangible things, or electronically stored information of Circadence's; and

(9)   an assurance that you have complied, and will continue to comply, with all

John Nipp
October 21, 2020
Page 6

provisions of your Non-Solicitation Agreement.

At this stage, Circadence has as reasonable suspicion that you have violated your Non-Solicitation Agreement.  If you cannot assure Circadence of your compliance with your legal obligations by providing the requested affidavit or declaration signed under penalty of perjury, Circadence will have no choice but to file suit against you in Colorado to obtain compliance with your Non-Solicitation Agreement through an injunction and/or an award of damages, as well as attorneys' fees pursuant to Section 5 of your Non-Solicitation Agreement.

Very truly yours,

*Laurie J. Rust*

Laurie J. Rust

LJR

4848-7246-6383.1 097408.1000